The decision below is hereby signed. Dated: October 18, 2006.

_S. Martin Teel Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| GREATER SOUTHEAST COMMUNITY HOSPITAL CORPORATION I, *et al.*, | ) ) ) | Case No. 02-2250 (Chapter 11) (Jointly Administered) |
| | ) | |
| Debtor. | ) | |
| _____ | ) ) ) | |
| SAM J. ALBERTS, TRUSTEE FOR THE DCHC LIQUIDATING TRUST, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Adversary Proceeding No. 04-10443 |
| ILLINOIS DEPARTMENT OF PUBLIC HEALTH, | ) ) ) | |
| Defendant. | ) ) | |

DECISION AND ORDER RE MOTION FOR DEFAULT JUDGMENT

The plaintiff, Sam J. Alberts, Trustee for the DCHC Liquidating Trust (the "Trust"), has filed a motion for default judgment against the defendant, the Illinois Department of Public Health, on his claims for avoidance of transfers of certain payments to the Department and for recovery of the avoided

transfers under 11 U.S.C. § 550 (Docket Entry "D.E." No. 7, filed March 15, 2005). Mindful of the prohibition of entering a default judgment in any civil action that is barred by the Eleventh Amendment, however, the court directed Alberts to supplement his motion for default judgment to address the sovereign immunity issues presented by this adversary proceeding (D.E. No. 8, entered May 31, 2005). The court's order further requested that Alberts demonstrate that service on the defendant was proper. Alberts filed a response to the court's order, addressing both of the court's concerns (D.E. No. 10, filed June 28, 2005). Although the court concludes, contrary to Alberts's position, that the Illinois Department of Public Health is, in fact, an arm of the state of Illinois and therefore generally entitled to assert the defense of sovereign immunity,[1] based upon the plaintiff's response to this court's order, and in light of the Supreme Court's recent decision in <u>Central Va. Cmty. College</u>

---

[1] In his response, Alberts contends that Illinois' sovereign immunity may not prohibit an affirmative collection action against the defendant because, in order to enjoy sovereign immunity, the defendant must be the "State of Illinois," whereas here the named defendant is the Illinois Department of Public Health. <u>See</u> Trustee's Response at 2-3. This argument is without merit. As a department of the State of Illinois, the Illinois Department of Public Health enjoys the same protections of sovereign immunity that are generally available to the state. <u>See</u> <u>Vill. of Riverwoods v. BG Ltd. P'ship</u>, 658 N.E.2d 1261, 1265 (Ill. App. 1995) ("Sovereign immunity in Illinois exists pursuant to statute and mandates that the State or a department of the State cannot be a defendant in an action brought directly in the circuit court.").

v. Katz, 126 S. Ct. 990 (2006), the court will grant Alberts's motion for default judgment.

In Katz, the Supreme Court held that when the states ratified the Bankruptcy Clause, they relinquished their right to assert the defense of sovereign immunity in proceedings brought pursuant to laws promulgated by Congress under the Bankruptcy Clause.  Katz, 126 S. Ct. at 1004-05.  The holding in Katz puts to rest this court's concern that § 106(a) is an unconstitutional abrogation of the states' sovereign immunity and that the instant adversary proceeding might therefore be barred by the Eleventh Amendment.  Accordingly, the court shall not further delay entry of a default judgment on that basis.

Rule 7004(b)(6), which requires that service made upon a state or municipal corporation or other governmental organization thereof subject to suit, be accomplished "by mailing a copy of the summons and complaint to the person or office upon whom process is prescribed to be served by the law of the state in which service is made . . . or in the absence of the designation of any such person or office by state law, then to the chief executive officer thereof."  Unable to locate any Illinois statute designating the person or office upon whom process is to be served in a case brought against the Illinois Department of Public Health, Alberts served Eric E. Whitaker, the Director of the Illinois Department of Public Health.  As the highest ranking

3

official within the Illinois Department of Public Health, the court finds that, for purposes of Rule 7004(b)(6), Eric E. Whitaker is the "chief executive officer" of that department. The court, like Alberts, was unable to locate an Illinois statute designating the person or office to be served in a proceeding commenced against the Illinois Department of Public Health, and the court therefore concludes that service of the summons and complaint on Eric E. Whitaker was proper under Rule 7004(b)(6). It is thus

    ORDERED that Alberts's motion for default judgment (D.E. No. 7) is GRANTED.

    A judgment consistent with the foregoing follows.

                                              [Signed and dated above.]


Copies to:

All counsel of record; Eric E. Whitaker, Director of the Illinois Department of Public Health, 535 West Jefferson Street, Springfield, Illinois 62761; Lisa Madigan, Esq., Attorney General of Illinois, 500 South Second Street, Springfield, Illinois, 32706; Illinois Department of Public Health, P.O. Box 4263, Springfield, Illinois, 62708.